**Morgan Lewis**            **MEMO ENDORSED**

**Carla B. Oakley**
Partner
+1.415.442.1301
carla.oakley@morganlewis.com

January 24, 2025

**VIA ECF**

The Honorable Victoria Reznik
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St., Courtroom 420
White Plains, NY 10601-4150

Re:  *The Wave Studio, LLC v. General Hotel Management Ltd.*, Case No. 7:13-cv-09239
  *The Wave Studio, LLC v. Priceline.com LLC*, Case No. 7:15-cv-06995
  *The Wave Studio, LLC v. Hotels Combined LLC*, Case No. 7:15-cv-07950
  *The Wave Studio, LLC v. Booking Holdings Inc.*, Case No. 7:21-cv-02691
  *The Wave Studio, LLC v. Southwest Airlines Co.*, Case No. 7:22-cv-05141
  *The Wave Studio, LLC v. trivago N.V.*, Case No. 7:23-cv-03586
  *The Wave Studio, LLC v. Qatar Airways Q.C.S.C.,* Case No. 7:13-cv-09239

<u>Opposition to Plaintiff's Requests for Discovery Related to Early Motions to Dismiss</u>

Dear Magistrate Judge Reznik:

We write pursuant to Your Honor's December 26, 2024, Order (ECF 423) to oppose Plaintiff's improper and overly broad requests for early discovery (ECF 422). This letter is jointly submitted by each defendant that made a Rule 12 motion:

- Booking Holdings Inc., Agoda Company Pte. Ltd., AGIP LLC, Booking.com BV, Booking.com (USA) Inc., Rocket Travel, Inc., Momondo A/S, Priceline.com LLC, Hotels Combined LLC, and Southwest Airlines Co. (the "BHI Moving Defendants");

- Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., and MakeMyTrip, Inc. (the "Trip Defendants"); and

- Qatar Airways Q.C.S.C. ("Qatar Airways")

(collectively, the "Moving Defendants").

Judge Seibel denied Plaintiff's request for the discovery that Plaintiff is now requesting when she ordered Plaintiff to serve an amended master complaint to assert claims about which it was aware. ECF 321 at 33-34.

**Morgan, Lewis & Bockius LLP**

One Market
Spear Street Tower
San Francisco, CA  94105-1596    ☎ +1.415.442.1000
United States                              📠 +1.415.442.1001

DB2/ 49873165.2

The Honorable Victoria Reznik
January 24, 2025
Page 2

Plaintiff's requests are also contrary to Your Honor's September 5, 2024, Order. ECF 384. Your Honor's Order specifically contemplated that discovery was stayed and that "early dispositive motions should be submitted based on the understanding that no discovery is necessary to make them." ECF 384 at 2. The Order stated that the Court would *consider* a request for limited discovery if "Plaintiff believes limited discovery is necessary to oppose any of the motions." ECF 384 at 2. Your Honor ordered that if Plaintiff sought discovery, it "must justify such discovery to the Court by submitting a letter" and that the letter "must explain what discovery they need, from which defendant, and why," and that the "requests must be specific and targeted." *Id.* at 2-3. Plaintiff has not complied with this Order and instead submitted a letter seeking overbroad discovery without reasonable justification and without supporting facts or law. Plaintiff's requests seek information that is wholly unnecessary for Plaintiff to defend against our clients' Motions to Dismiss and are an improper attempt to use burdensome discovery to try to "find the facts" necessary to state a claim after filing suit.

The BHI Moving Defendants moved to dismiss on two grounds: (1) that certain specifically identified claims are barred by the statute of limitations; and (2) that claims against Agoda Company Pte. Ltd. ("Agoda Company") and Momondo A/S ("Momondo") are barred by the doctrine of extraterritoriality. The BHI Moving Defendants' Motion to Dismiss is based on the pleadings as required by Fed. R. Civ. P. Rule 12(b)(6) and targets only those claims that are ripe for dismissal without discovery.[1]

The Trip Defendants moved to dismiss based on four grounds: (1) lack of jurisdiction over certain of the Trip Defendants (Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., and Skyscanner Ltd., together: the "International Trip Defendants"); (2) that the claims are barred by the doctrine of extraterritoriality; (3) that the claims against the Trip Defendants are barred by the statute of limitations; and (4) the Master Complaint fails to state a claim against the Trip Defendants.[2]

Defendant Qatar Airways moved to dismiss on the grounds that claims are barred by the doctrine of exterritoriality, which goes to the merits of a primary or secondary liability copyright infringement claim.[3]

**No Discovery is Required for the Statute of Limitations Defense**

Assuming the pleadings to be true as one must under Rule 12(b)(6), the Master Complaint demonstrates on its face that Plaintiff was aware of the alleged infringements that are subject to the Motions to Dismiss long before each of the applicable three-year statute of limitations periods. The critical question on a statute of limitations inquiry for a copyright infringement claim is whether plaintiff was aware of the alleged infringement three years before initiating the claim. *Warner*

---

[1] The BHI Moving Defendants submitted their Motion to Dismiss to Judge Seibel and served Plaintiff on December 6, 2024, pursuant to Your Honor's Order. ECF 421. They are submitting a copy to Your Honor via email today, with a courtesy hard copy also delivered today. The BHI Moving Defendants' Motion to Dismiss expressly excluded those claims for which they required discovery. *See* BHI Moving Defendants' Motion to Dismiss at 13, fn 8.

[2] The Trip Defendants served Plaintiff with their Motion to Dismiss on December 6, 2024, and are submitting a copy to Your Honor via email today, with a courtesy hard copy also delivered today.

[3] Defendant Qatar Airways served Plaintiff with its Motion to Dismiss on December 6, 2024, and is submitting a copy to Your Honor via email today, with a courtesy hard copy also delivered today.

The Honorable Victoria Reznik
January 24, 2025
Page 3

*Chappell Music, Inc. v. Nealy*, 601 U.S. 366, 369 (2024) (discovery rule "enables a diligent plaintiff to raise claims … if he discovered them within the prior three years."); *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014) ("Civil actions for copyright infringement must be commenced within three years after the claim accrued."); *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024) (explaining copyright claims accrue upon "actual or constructive discovery of the relevant infringement"). The Master Complaint already reveals this critical information: namely, that Plaintiff was aware of the alleged infringements that are subject to the Motions to Dismiss more than three years before filing the respective complaints, and no discovery is required from the Moving Defendants.

When allowing discovery related to the statute of limitations, courts limit discovery to that which is necessary to developing facts related to whether the claim was timely filed, namely **when** the plaintiff was aware of the claim. See *Bethpage Water Dist. v. Northrop Grumman Corp.*, 2014 U.S. Dist. LEXIS 168468, at *10-11 (E.D.N.Y. Dec. 3, 2014) (staying all fact discovery except that related to "when plaintiff discovered, or should have discovered, the purported injury and/or the cause of the purported injury underlying its claims" noting that allowing "discovery on all issues other than when plaintiff was aware of its purported injury may prove 'unnecessarily costly and burdensome'"); *Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2011 U.S. Dist. LEXIS 67766, at *8 (S.D.N.Y. Jun. 21, 2011) (allowing discovery of plaintiff's counsel's time records to determine *when plaintiff was aware of the alleged infringement* because "it is critical to determine when the plaintiffs knew or had reason to know of the injury upon which their claim is based").

When it is evident on the face of the complaint that no discovery is necessary to determine the statute of limitations, as is the case here, discovery is not warranted. *Clarke v. Pilkington N. Am. Inc.*, 2022 U.S. Dist. LEXIS 174942, at *15 (E.D. Mich. Sep. 7, 2022) ("Because the allegations in the complaint show that the statute of limitations bars relief, Clarke may not use the discovery process to refashion her complaint to state a plausible claim or to identify new claims that do not suffer from the same deficiency."). In *Clarke*, the court found limited discovery on statute of limitations unnecessary based on allegations from the complaint that, on their face, precluded relief based on statute of limitations grounds. As the *Clarke* court explained, a "plaintiff 'may not use the discovery process to obtain the facts necessary to state a claim after filing suit.'" *Id.* at *15, citing inter alia *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (explaining that, unless a plaintiff's complaint can survive a motion to dismiss, the plaintiff "is not entitled to discovery, cabined or otherwise"). Quite simply, before being entitled to discovery, a plaintiff "must first allege sufficient facts in support of its theory to survive a Rule 12(b)(6) motion." See *Nelly De Vuyst, USA, Inc. v. Europe Cosmetiques, Inc.*, 2012 U.S. Dist. LEXIS 12981, at *12-13 (S.D.N.Y. 2012) ("Although plaintiff argues it is entitled to discovery on this issue [of piercing the corporate veil and an alter ego theory], it neglects that it must first allege sufficient facts in support of its theory to survive a Rule 12(b)(6) motion. Having failed to do so, EI's motion to dismiss is granted.").

Here, as in *Clarke*, the critical information regarding the dates when Plaintiff was aware of the alleged infringement subject to the Motions to Dismiss is disclosed in the Master Complaint. No discovery is required to ascertain those dates. Further, none of the information that Plaintiff seeks in its sweeping discovery requests relates in any way to the dates when Plaintiff was aware of the alleged infringements subject to the Motions to Dismiss.

Plaintiff relies on the "separate accrual" doctrine to support its requests for discovery, asserting that it requires discovery to "determine whether Defendants have committed separate infringing republications from the instances Wave has already identified." ECF 422, pp. 2-3. In making this

The Honorable Victoria Reznik
January 24, 2025
Page 4

argument, Plaintiff is acknowledging that it is attempting to use the early discovery process to scramble to find a **new** claim that is not time-barred – that is, to obtain the facts necessary to state a claim after filing suit, which is improper. *Iqbal*, 556 U.S. at 686. Plaintiff cites no case supporting that it should be entitled to early discovery to ascertain whether there may have been "republication" when its claims are barred by the statute of limitations.

Plaintiff is asking that each of the Moving Defendants provide extensive and burdensome information covering specific three-year periods that it would presumably argue are not time-barred. Specifically, Plaintiff requests: "List every instance of every Wave photograph published or distributed on any platform, website, mobile app, database, marketing product, and or print format" and for any such uses: "the url(s) for each published or distributed photograph," "the date when the photograph was obtained," "the dates when the photograph was first published or distributed," "the dates of when the photographs were taken down, and if applicable, republished," "every parent company, subsidiary, partner, or affiliate who had access to the Wave photographs and the dates they had access," and "Are photographs accessible across all platforms, websites, mobile apps, or databases? If so, list the dates when the photographs were accessible." Plaintiff also inexplicably asks that each Moving Defendant "Describe your process for determining whether a photo is a registered copyright," and requests the date when each Moving Defendant "obtained" each photograph, identification of each entity that "had access" and the dates of access, and whether photographs were "accessible across all platforms" (whatever that means). Plaintiff claims that the basis for these requests is republication, but its broad sweeping requests seek information that is completely unrelated to the issue of republication and for which it has not explained and could not explain the relevance.

It was Plaintiff's obligation to assert viable claims and it failed to do so. Plaintiff's requests are blatant attempts to use discovery to attempt to "find" a new claim that may or may not exist. The requests are directly contrary to Judge Seibel's statements at the November 29, 2023, Case Management Conference in response to Plaintiff's argument that it required the same discovery that it is requesting here in order to adequately and fully plead its claims. Judge Seibel declined early discovery and made it clear that Plaintiff had an obligation to plead its claims based on its current knowledge (ECF No. 321 at 33:1-11, 34:9-13), including identification of "on X day, this photo was on your website, and you didn't have permission." Plaintiff had its opportunity to allege its claims and, based on the dates and information Plaintiff was ordered to provide in the Master Complaint, the Moving Defendants moved on statute of limitations grounds.

Lastly, the discovery Plaintiff seeks is not required to oppose the Motions to Dismiss as it would not refute that the uses that are subject to the Motions to Dismiss are time-barred. Plaintiff asserts that for statute of limitations purposes there is a distinction between whether "the defendant published the allegedly infringing photograph on its website once and the photo was continuously available for public viewing," which it seemingly acknowledges would be barred by the statute of limitations, and whether "the photograph was republished on defendant's website," which Plaintiff seemingly argues would be a "separate accrual" and not subject to the statute of limitations. Plaintiff is wrong. The Moving Defendants disagree with the distinction that Plaintiff is attempting to make and the unsupported proposition that a "republication" of the same photograph on a website would constitute a "discrete infringing act" that would constitute separate accrual. The Moving Defendants also disagree that there is any indication or allegation that Moving Defendants ever removed and "republished" photographs. *See* BHI Moving Defendants' Motion to Dismiss at pp. 10-11. But even if such a "republication" use existed and the Master Complaint contained factual allegations to support such a contention (it does not), that alleged use would not refute that the earlier uses that are subject to the Motions to Dismiss are time-barred. *See id.*; *Petrella v. Metro Goldwyn-Mayer,*

The Honorable Victoria Reznik
January 24, 2025
Page 5

*Inc.*, 572 U.S. 663, 670 (2014) (explaining that the claims remain untimely with respect to the earlier alleged infringements even if the more recent acts of infringement are timely).

**No Discovery is Required for the Extraterritoriality Defense**

Moving Defendants Agoda Company, Momondo, the International Trip Defendants, and Qatar Airways seek dismissal of the claims against them because Plaintiff fails to adequately plead in the Master Complaint that they – foreign corporations – are subject to the U.S. Copyright Act. Plaintiff must "adequately allege relevant domestic conduct" to state a claim under the Copyright Act. *Noland v. Janssen*, No. 17-CV-5452 (JPO), 2019 U.S. Dist. LEXIS 37781, at *12 n.5 (S.D.N.Y. Mar. 8, 2019). A plaintiff can state a claim based on foreign activity only by alleging a "predicate act" in the United States that is itself an act of copyright infringement and "permits further reproduction abroad." *Update Art, Inc. v. Modiin Publ'g Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988); *Levitin v. Sony Music Entm't*, 101 F. Supp. 3d 376, 384-85 (S.D.N.Y. 2015). Plaintiff has failed to meet these pleading requirements. That a party "may" have done something is nowhere near a plausible pleading – especially so when the pleading is a blanket allegation intended to cover dozens of defendants. Further, if Plaintiff cannot plausibly plead a "predicate act" to support a primary liability claim, it cannot hope to plausibly plead a secondary liability claim. To the contrary, the Master Complaint acknowledges that Agoda Company, Momondo, the International Trip Defendants and Qatar Airways are all foreign corporations and pleads no facts as to any domestic copyright infringement predicate activity by them. If the Court believes Plaintiff has adequately plead that these Moving Defendants are subject to the U.S. Copyright Act, then the appropriate decision is to deny the Motions to Dismiss on this argument – not to allow sweeping discovery.

Plaintiff claims that discovery "is required to determine the application of the predicate-act doctrine" and that the "doctrine provides that a party who commits an act of infringement in the U.S., which permits further reproduction outside of the U.S., is liable for infringement under the U.S. Copyright Act." Plaintiff does not, however, explain how any of the discovery it seeks would demonstrate a predicate act or could possibly be required to respond to the Motions to Dismiss. Plaintiff is broadly seeking for specific three-year periods (that it would presumably argue are not time-barred): "List every instance of every Wave photograph published or distributed on any platform, website, mobile app, or database" and for each such photograph, the source of the photograph. Plaintiff also asks the questions: "Did you limit access to your website to only those visitors outside the U.S., also known as geo-blocking?"; "Did you distribute or publish the photographs to any parent company, subsidiary, partner, or affiliate."; and "Were the photographs accessible across all platforms, websites, mobile apps, subsidiary, partner, or affiliate? If so, list the dates when the photographs were accessible."

None of these requests is targeted to demonstrating a predicate-act within the U.S. Rather, the requests again appear to be an effort to impermissibly use the early motion discovery process to obtain the facts necessary to find and state a claim after filing suit. Plaintiff has failed to even plead a preliminary claim and has failed to explain how any of this information would support its opposition to the Motions to Dismiss. Wave is not entitled to discovery to see if one might be pleaded.

As in the comparable context of personal jurisdiction, discovery is only appropriate where the plaintiff alleges sufficient facts in support of its theory. *See Indem. Ins. Co. of N. Am. v. K-Line Am., Inc.*, 2007 U.S. Dist. LEXIS 43567, at * 28 (S.D.N.Y. Jun. 13, 2007) (denying additional round of discovery, explaining "Discovery on the issue of personal jurisdiction may be permitted in the court's discretion if plaintiffs allege facts that would support a colorable claim of jurisdiction.") (quoting *Volkswagen*

The Honorable Victoria Reznik
January 24, 2025
Page 6

*de Mexico, S.A. v. Germanischer Lloyd*, 768 F. Supp. 1023, 1028 (S.D.N.Y. 1991)). Here, as discussed above, Plaintiff has failed to first allege sufficient facts in support of its theory to survive a Rule 12(b)(6) motion, and discovery is thus not permissible. Further, Plaintiff has again cited no case that compels discovery here.

**Discovery is Not Appropriate for the Personal Jurisdiction Defense**

The International Trip Defendants have moved for dismissal on the basis of lack of personal jurisdiction. "[W]here the plaintiff has failed to make out a *prima facie* case [of personal jurisdiction], courts have displayed an unwillingness to grant … discovery on jurisdictional issues." *Langenberg v. Sofair*, 2006 WL 2628348, at *6 (S.D.N.Y. Sept. 11, 2006). "A prima facie showing of jurisdiction 'does not mean that plaintiff must show only some evidence of jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction." *Pruthi v. Empire City Casino*, 2022 WL 596370, at *2 (S.D.N.Y. Feb. 28, 2022) (citation omitted).

A plaintiff must make a "sufficient start towards establishing jurisdiction or explain[] how discovery could cure the issues identified by the Court." *Sullivan v. Walker Constr., Inc.*, 2019 WL 2008882, at *3 (S.D.N.Y. May 7, 2019) (refusing jurisdictional discovery). "[A]llegations [that] are too conclusory, nonspecific, or otherwise inadequate … will not merit jurisdiction-related discovery." *Id.* (internal citation omitted); *Bayshore Cap. Advisors, LLC v. Creative Wealth Media Fin. Corp.*, 667 F. Supp. 3d 83, 151 (S.D.N.Y. 2023) (denying request for jurisdictional discovery where only conclusory facts were alleged); *cf. Molchatsky v. United States*, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011), *aff'd*, 713 F.3d 159 (2d Cir. 2013), and *aff'd*, 713 F.3d 159 (2d Cir. 2013) ("A plaintiff is not … entitled to jurisdictional discovery if it cannot show that the requested discovery is likely to produce the facts needed to withstand a Rule 12(b)(1) motion.") (internal citation omitted). A fishing expedition is not appropriate. *Langenberg*, 2006 WL 2628348, at *5.

As to the International Trip Defendants, Plaintiff has not made a "sufficient start" towards establishing jurisdiction beyond a single conclusory allegation that applies to more than 70 defendants:

> This Court has personal jurisdiction over Defendants because of their substantial and continuous contacts with the state of New York that all relate to or form the basis of this action, and because Defendants have done and continue to do business in this District, including but not limited to offering their services throughout this District through their respective product[s] such as content delivery networks, application programming interfaces, software as a service platform[s], websites, mobile sites and apps.

Master Complaint ¶ 23.

In the 2023 Trivago action, No. 7:23-cv-03586, Plaintiff also filed a "Jurisdictional Affirmation" from counsel. ECF No. 42 (June 5, 2023). The affirmation does not actually provide any further details. Instead, it repeats an effectively meaningless assemblage of words, claiming that the defendants have "a general approach to doing business in the United States as a whole." *Id.* ¶¶ 6(a), 7(a), 7(a) [there are two paragraphs numbered 7]. The Affirmation also asserts that the International Trip Defendants are "not subject to the general jurisdiction of any other state in the United States," to

The Honorable Victoria Reznik
January 24, 2025
Page 7

the best of Plaintiff's knowledge, but there is no description of Plaintiff's "specific jurisdiction basis." *See id.*

Clearly, Plaintiff has not made a "sufficient start" towards establishing jurisdiction, under any theory. Nor does Plaintiff explain what other facts could be found through discovery to establish jurisdiction.[4] Nor does Plaintiff cite any case compelling discovery. The requested discovery is merely a fishing expedition by which Plaintiff can attempt to find jurisdiction over the International Defendants.

\* \* \*

Plaintiff has failed to justify the discovery it seeks and instead has submitted a far-reaching request for sweeping discovery in an apparent attempt to refashion its complaint to state a plausible claim or in the hope of identifying new claims that do not suffer from the same deficiencies. This is not permissible. Plaintiff's requests for expansive information is also unduly burdensome and not proportional to the needs of the case, particularly at the pleading stage.

We thank Your Honor for your consideration of the Moving Defendants' position and respectfully request that Plaintiff's requests for early discovery be denied in full.

Respectfully Submitted,

/s/ Carla B. Oakley
Carla B. Oakley
Morgan, Lewis & Bockius LLP
*Counsel for Booking Holdings Inc., Agoda Company Pte. Ltd., AGIP LLC, Booking.com BV, Booking.com (USA) Inc., Rocket Travel, Inc., Momondo A/S, Priceline.com LLC, Hotels Combined LLC, and Southwest Airlines Co.*

/s/ David S. Korzenik
David S. Korzenik
Gillian Vernick
Miller Korzenik Sommers Rayman LLP

*Counsel for Qatar Airways Q.C.S.C.*
/s/ Anna Menkova
Anna Menkova
Adam Pollock
Pollock Cohen LLP
*Counsel for Trip.com Group Limited, Trip.com Travel Singapore Pte. Ltd., Skyscanner Ltd., and MakeMyTrip, Inc.*

Plaintiff is directed to respond to Defendants' letter by no later than 1/31/2025.

SO ORDERED.

_____
Hon. Victoria Reznik, U.S.M.J.
Dated: 1/27/2025

---

[4] The Trip Defendants note that, in connection with the application for a temporary restraining order made before the International Defendants were served, the Court already identified serious weaknesses in Plaintiff's theory that "the Court has jurisdiction over the International Defendants with no clear connection to New York other than the fact that their websites could be accessed by individuals in New York." *Wave Studio, LLC v. trivago N.V.*, 2023 WL 3720079, at *12 (S.D.N.Y. May 30, 2023) (denying preliminary injunction, including for failure to make a sufficient showing of jurisdiction despite the Court allowing supplemental briefing on that point).

DB2/ 49873165.2